IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE G. MILJKOVIC, | ) Civ. No. 09-00064 ACK-KSC |
| Plaintiff, | ) |
| vs. | ) |
| UNIVERSITY OF HAWAII, PRESIDENT'S OFFICE, et al. | ) |
| Defendants. | ) |

**<u>ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL</u>**

As the parties and the Court are familiar with the facts and background of this case, the Court will only present the basic factual background and those facts bearing relevance to the instant motion.

On February 13, 2009, Plaintiff, Lawrence G. Miljkovic, filed a complaint for employment discrimination against the University of Hawai'i, President's Office, and David McClain, the President of the University of Hawai'i System, et al. Along with his complaint, Plaintiff filed an application to proceed in forma pauperis and a request for appointment of counsel. On March 19, 2009, the Court granted Plaintiff's application to proceed without prepayment of fees and denied his request for appointment of counsel. Order Granting Plaintiff's Application to Proceed Without Prepayment of Fees and Denying His Request for

Appointment of Counsel, dated Mar. 19, 2009 ("Order," Docket No. 14). On July 9, 2009, Plaintiff moved to amend the complaint and on August 27, 2009, Plaintiff filed a Declaration of Service of Amended Complaint on Defendants by Certified Mail, providing evidence of service of the amended complaint on defendants on July 21, 2009. The Amended Complaint however, was not filed until December 17, 2009. On December 29, 2009, Plaintiff filed a Second Amended Complaint.[1/] Also on December 29, 2009, Plaintiff filed a Second Request for the Appointment of Counsel Under the Civil Rights Act of 1964. ("Counsel Req.," Docket No. 85). Plaintiff's Amended Complaint and Second Amended Complaint add an objection to the Hawai'i Civil Rights Commission ("HCRC") and Equal Employment Opportunity Commission's ("EEOC") decisions and additional claims for malice, express malice, wrongful discharge, vicarious "employer liability," conspiracy, joint tortfeasor, intentional deception, negligent misrepresentation, intentional and negligent emotional distress, and fear of future harm. See Am. Compl. at 1-2; Second Am. Compl. at 4.[2/] Despite the

---

[1/] Parties David McClain and Edward Yuen are not named in the Second Amended Complaint and thus have been terminated.

[2/] Because Plaintiff is appearing pro se, the Court liberally construes his pleadings, and thus references both the Amended Complaint and Second Amended Complaint to determine the changes that Plaintiff has made. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365
(continued...)

additional bases upon which Plaintiff alleges he is entitled to relief, the basic facts underlying his claim are pleaded to be the same.  See Second Am. Compl. Attach. 1 (Plaintiff's narrative "complaint" is the same document that was included with the original complaint and even includes the court's ecf header from the filing of the original complaint).

### **STANDARD**

As this Court's previous order laid out, there is no constitutional right to the appointment of counsel in employment discrimination cases.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  However, Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just."  42 U.S.C. § 2000e-5(f)(1)(B).  In reviewing such an application, a "court is required to assess:  (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit."  See Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981) (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1308-10 (5th Cir. 1977); Luna v. Int'l Ass'n of Machinists & Aerospace Workers, 614 F.2d 529, 531 (5th Cir. 1980)).  The plaintiff has the burden of persuasion as to all three factors,

---

[2/](...continued)
(1982)(per curiam))).

and an unfavorable finding as to any one factor is fatal to his request.  See Caston, 556 F.2d at 1310; Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992); Darden v. Illinois Bell Tel. Co., 797 F.2d 497, 501 (7th Cir. 1986).  In addition to the three Bradshaw factors, the court may consider the plaintiff's ability to proceed pro se.  See Castner, 979 F.2d at 1421; Jenkins v. Chemical Bank, 721 F.2d 876, 880 (2d Cir. 1983); McCue v. Food Pantry, Ltd., Civ. No. 08-00129 ACK-KSC, 2008 U.S. Dist. LEXIS 26065, at *8 (D. Haw. Mar. 28, 2008).[3/]

## DISCUSSION

In its March 19, 2009 Order, the Court noted that a plaintiff must have made:

> "what can be considered a reasonably diligent effort under the circumstances to obtain counsel."  Id. [citing Bradshaw, 662 F. 2d at 1319]  In assessing whether the plaintiff's efforts were reasonably diligent, a court may look to a plaintiff's skill in obtaining counsel, the number of attorneys that the plaintiff contacted, and the reasons that each attorney refused to take his case.  See Luna, 614 F.2d at 531.

Order at 4.  The Court then held that Plaintiff had not made a reasonably diligent effort under the circumstances to obtain counsel and, thus, the second Bradshaw factor militated against the appointment of counsel.  Order at 5.  Plaintiff now appears to have made some additional effort to contact attorneys in

---

[3/] While the Bradshaw factors are "usually the only relevant factors," other similar factors may be taken into account "so long as they are treated in a manner consistent with the policy of [42 U.S.C. § 2000e-5(f)(1)(B)]."  662 F.2d at 1318 n.43.

4

person instead of by e-mail as the Court indicated it expected him to.  See Counsel Req. at 6-8; Order at 15.  He has, however, indicated that he met in person with only four or five attorneys. See Counsel Req. at 7.  Plaintiff also indicates that he spoke with an additional five attorneys for an appointment, contacted two firms that were not interested, and contacted other attorneys whose names he cannot remember. Id.

As subsequent proceedings in Bradshaw illustrated, there is:

> a defect in Title VII of the Civil Rights Act of 1964 ("Act"). That Act, at 42 U.S.C. § 2000e-5(f)(1)(B), authorizes the district court to appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just...." Unfortunately, Congress has not been as generous in providing compensation for counsel as it has in authorizing court appointments. Congress has never created a fund for payment of court-appointed counsel in Title VII cases.

Bradshaw v. United States District Court for the Southern District of Calif., 742 F.2d 515, 516 (9th Cir. 1984) ("Bradshaw II").  Thus, in Bradshaw II, when the district court was unable to secure counsel for Ms. Bradshaw despite contacting twenty attorneys either directly or via Ms. Bradshaw at the court's direction and a number of public interest groups were contacted who also refused to represent Ms. Bradshaw, the Ninth Circuit held it was not an abuse of discretion for the district court to not have made a coercive appointment and to have ordered

5

Plaintiff to continue pro se.[4/] Id. at 517.  In addition, the Ninth Circuit noted in its analysis that "Ms. Bradshaw is apparently particularly litigious and is not reluctant to call into question the competency of the attorneys who attempt to assist her."  Id. at 516.  Here, Plaintiff appears to be similarly litigious; he has filed three prior employment discrimination actions in this district against an employer prior to the University of Hawai'i, each time requesting (and being denied) the appointment of counsel.[5/]  Furthermore, Plaintiff has now contacted enough attorneys and public interest groups, that it would be duplicative and a waste of the court's resources to pursue the same avenues that Plaintiff has already tried. Plaintiff has indicated that nine attorneys were either "not interested" in his case, thought it was "too large," or were too busy to handle his case.  Counsel Req at 6-8.  Plaintiff also indicates he has contacted Albu & Albu, which was not interested

---

[4/] It should be noted the court held that no coercive appointment of counsel was necessary under the circumstances in Bradshaw II, even though the EEOC had made a determination that there was reasonable cause to believe that the plaintiff was the victim of discrimination.  Id. at 516; Bradshaw, 662 F.2d at 1319-20.  Here, the opposite is true. Plaintiff has received a "no cause" determination from the EEOC.  Counsel Req. at 9, 15.

[5/] See Miljkovic v. England et al., Civ No. 04-00189 SPK-KSC (case dismissed by Plaintiff with prejudice); Miljkovic v. England et al, Civ No. 05-00164 JMS-LEK (dismissed without prejudice for failure to effect proper service of summons and complaint; Miljkovic v. Winter et al, 08-cv-00515 JMS-LEK (dismissed on the basis of claim preclusion based upon the dismissal with prejudice in Civ No. 04-00189.)

6

in the case and Smith Himmelmann which wanted $500 for one hour. Plaintiff additionally states:

> I also went to volunteer legal services they could not help me. I also went to the legal aid society, where I was told they do not handle discrimination cases. I contacted the ACLU, whose letter informeed me that they only have a small office and that they are over booked already.

Counsel Req. at 8. Finally, Plaintiff indicates that there are additional attorneys whom he called and for whom he left messages but he could no longer remember whom he had called. Counsel Req. at 8. Thus, Plaintiff has already exhausted the same agencies by which the Court could seek to obtain counsel for him.[6] These additional factors thus weigh against the appointment of counsel.

In addition, the Court notes that Plaintiff seems quite capable of continuing to pursue this action pro se. As observed in its prior order, "Plaintiff is apparently able to gather and present crucial facts, as evidenced by his detailed, sixty-nine-paragraph complaint." Order at 15. Plaintiff has continued to demonstrate his capabilities since that Order was entered. After the Order observed that Plaintiff had not asserted any objections to the EEOC's "no-cause" determination, Plaintiff amended his complaint to add an objection to the EEOC's determination. See

---

[6] Additionally, the Court notes that it contacted the William S. Richardson School of Law, to determine whether the Law Student Public Service Program accepts civil cases on a pro bono basis. However, that program works in coordination with the Legal Aid Society, which Plaintiff has already contacted.

Order at 6; Am. Compl. at 1-4.  Finally, as the Court is now aware, Plaintiff has filed three previous employment discrimination lawsuits, and thus is familiar with the procedures of the court and the substantive legal issues.

Therefore, for the aforementioned reasons, this Court finds it is still inappropriate to appoint counsel under the circumstances.  Plaintiff's second request for appointment of counsel is accordingly denied.  Plaintiff should continue to seek to obtain counsel or prepare to proceed pro se.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 27, 2010.



_____
Alan C. Kay
Sr. United States District Judge

Miljkovic v. Univ. of Hawai'i, President's Office et al., Civ. No. 09-00064 ACK-KSC, Order Denying Plaintiff's Second Request for Appointment of Counsel.